WILLIAM B. HENION, complainant-respondent,

*v.*

JAMES MONAHAN, defendant-appellant.

JAMES MONAHAN, complainant-appellant,

*v.*

WILLIAM B. HENION defendant-respondent.

[Submitted October term, 1931. Decided May 16, 1932.]

*Mr. Clifford A. Baldwin,* for William B. Henion.

*Mr. Patrick J. Harding,* for James Monahan.

The opinion of the court was delivered by

BODINE, J.

The complainant filed a bill for the cancellation of a bond and mortgage encumbering his home. The defendant, the mortgagee, by independent suit sought foreclosure. The two actions were heard together. The court of chancery ordered the cancellation of the bond and mortgage, and dismissed the foreclosure bill. Such action, we think, was proper.

The complainant, a man untutored in the ways of business, had years before transacted some business involving properties other than the one in suit, with one Felix D'Aloise, a real estate agent, and later a convicted swindler. The mortgage in question was probably executed at the time of these transactions. The name of the mortgagee was left in blank, and the defendant's name was later inserted and the mortgage recorded.

The complainant received no money for the mortgage and did not know of its existence until he was requested by the defendant to pay the interest which fell due February 9th, 1930. He then, for the first time, learned of his apparent obligation to pay for something he had not received.

The defendant, who was interested as a stockholder with D'Aloise in a corporation, received the mortgage when he advanced to the company for immediate need the sum of $2,500. The money was given to D'Aloise. The mortgagor not only did not receive the money advanced on the mortgage, but he did not know of the transaction till years afterward. His signature was apparently obtained by fraud.

The general rule governing such a situation is stated in *41 Corp. Jur. 433* as follows: "Where an owner of land is in-

duced by fraud or misrepresentation to execute a mortgage which he would not have given if fully and truly informed of the circumstances, the fraud thus practiced upon him will be fatal to the validity of the instrument. * * * The mortgagee, to be affected by the fraud, must either have participated in it or have knowledge of it; but constructive notice of the fraud may be brought home to him by circumstances." See, also, *Guatelli* v. *Brown, 84 N. J. Eq. 33; Young* v. *Taylor, Ibid. 173.*

"The well-settled rule in this state, as well as in other equitable jurisdictions, is that an assignee of a bond and mortgage takes it subject to all the equitable defenses which the original obligors and mortgagors have thereto. This is so at law as well as in equity. It was held at law in an action on a bond, in *Barrow* v. *Bispham, 11 N. J. Law *110,* after an elaborate consideration of the authorities. And the same doctrine was held in equity by Chancellor Vroom, in *Shannon* v. *Marselis, 1 N. J. Eq. 413.* At page 424, the chancellor examines the authorities in England and New York, and quotes with approbation the language of Chancellor Kent, in which he states that it is the duty of the assignee to make inquiries of the obligor or mortgagor or person owning the equity of redemption before taking an assignment of the bond and mortgage. And see the remarks of the Lord Chancellor in *Matthew* v. *Wallwyn, 4 Ves. 118* (at *p. 127*). This ruling was followed in *Jaques* v. *Esler, 4 N. J. Eq. 461,* by Chancellor Haines, and by Chancellor Green in *Woodruff* v. *Depue, 14 N. J. Eq. 168,* and by Chancellor Zabriskie in *Conover* v. *VanMater, 18 N. J. Eq. 481,* and again, by the same judge in *Coursen* v. *Canfield, 21 N. J. Eq. 92,* and has never been questioned or doubted, and finally has the approval of the court of errors and appeals in *Atwater* v. *Underhill, 22 N. J. Eq. 599* (at *p. 606*)." *Magie* v. *Reynolds, 51 N. J. Eq. 113, 116.* See, also, *Walz* v. *Oser, 93 N. J. Eq. 280; Wm. F. Glasser & Co.* v. *Muencks, 99 N. J. Eq. 42; Trust Company of New Jersey* v. *McGuinness, 104 N. J. Eq. 1; Sabatino* v. *D'Aloise, 107 N. J. Eq. 426.*

Since it has long been settled in this state that an assignee of a mortgage must make some inquiry of the mortgagor, or the person owning the equity of redemption as to the validity of the mortgage about to be assigned, it follows that a mortgagee who makes no inquiry of the mortgagor and not only pays nothing to him but knows that the entire consideration for the mortgage is going to be used by a corporation in which he is interested and in which the mortgagor has no interest, has notice of circumstances which would indicate fraud to a reasonably prudent person.

"If a purchaser has before him the facts which should put him on inquiry, it is equivalent to notice of the fact in question, and where such fact constitutes a fraud on a third party, it will not protect the purchaser that he purchased for value." *Tantum* v. *Green, 21 N. J. Eq. 364.*

Of course, the complainant could have pledged his property to secure an advance to the corporation in which D'Aloise and the defendant were interested. The consideration need not move to the mortgagor. *Perkins* v. *Trinity Realty Co., 69 N. J. Eq. 723; affirmed, 71 N. J. Eq. 304.* But the improbability that the complainant was encumbering his home for the purpose of benefiting the defendant imposed upon the latter a duty to make inquiry. Of course, the slightest inquiry would have made the fraud apparent to the defendant, and there would have been no loss.

The decree appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.