76 N.J. Super. 37 (1962)
183 A.2d 761
ALBERT MARDIROSSIAN AND HELEN MARDIROSSIAN, HIS WIFE, PLAINTIFFS,
v.
LOUIS J. WILDER AND ROSA H. WILDER, HIS WIFE, MARCAR HOLDING COMPANY, INC., A CORPORATION, ABCO ASSOCIATES, INC., A CORPORATION, BACKERS DISCOUNT AND FINANCE COMPANY, INC., A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 27, 1962.
*38 Mr. Harold Breslow, for plaintiff.
Messrs. Simandl, Leff & Greenberg, attorneys for defendants Louis J. Wilder and Rosa H. Wilder (Mr. Robert Simandl, appearing).
Messrs. Berkowitz & Lester, for defendant Abco Associates, Inc.
Mr. John D. McMaster, attorney for Walter E. Black, Jr., Trustee and Ancillary Receiver of First Capitol Savings & Loan Association, Inc. (Mr. Charles W. Hutchinson, appearing).
HERBERT, J.S.C.
This suit was brought to foreclose a first mortgage covering premises at 89 Seymour Avenue, Newark. The complaint alleges, among other things, that on January 10, 1958 Louis J. Wilder and his wife, Rosa Wilder, gave a second mortgage on the premises to Backers Discount & Finance Co., Inc. for the sum of $1,841.80. The defendant Backers answered the complaint by giving notice of its desire to have its encumbrance reported upon. The Wilders then filed a cross-claim against Backers, alleging that the Backers mortgage was not a valid lien because it had been agreed that no moneys were to become due until certain work had been completed by Security Aluminum Window Mfg. Corp. and that such work had not been completed. Subsequently there was an answer to this cross-claim filed by Mr. Black, trustee in bankruptcy and ancillary receiver, asserting his ownership of the Backers mortgage by assignment to First Capitol Savings & Loan Association, Inc. and the bankruptcy of that corporation. Mr. Black denied the important allegations of the Wilder cross-claim and set up as a separate defense that First Capitol *39 Savings & Loan Association, Inc. became a bona fide purchaser for value without notice. Laches and estoppel were also pleaded.
All issues in the case, other than those described here, were disposed of by findings and conclusions stated from the bench at the close of trial; and this opinion will deal only with the validity of the alleged lien of the Backers mortgage.
At the trial no witnesses were called to testify in support of Mr. Black's claim, or to offer any contradiction to the testimony given by Mr. Wilder that aluminum windows were not properly and completely installed. The papers offered in evidence as the Backers note and mortgage were admitted, however, all counsel having waived the requirement of formal proof. It was also stipulated that no payments had been made on account of the sum of $1,841.80, that being the amount claimed to be secured by the Backers mortgage.
The alleged note and mortgage are questionable in certain respects. The note is the bottom part of a printed paper which bears the title "Credit Statement." Most of the blanks in the statement have been filled out and it bears the signatures of Mr. and Mrs. Wilder. It lists the improvement to be made as "windows" and names "Security Mfg. Corp." as "Contractor/Dealer." But the note below the credit statement is completely blank except for the printed portions and the signatures of Mr. and Mrs. Wilder at the foot of it. No total amount is specified, no date, no place of payment, no payee and no specification of installments although the printed language calls for payments by installments. Turning to the mortgage, it purports to secure a note payable in monthly installments of $55.48. There is no such note, or if there is, it has not been produced in support of the alleged mortgage lien.
At the foot of the mortgage there is what appears to be a certificate of proof made before a notary public by the person who was the subscribing witness to the signatures *40 of Mr. and Mrs. Wilder. This certificate is dated December 16, 1957, the date having been filled in by use of a typewriter. The date of the mortgage, however  filled in by pen  is January 10, 1958. Judging by the handwriting, the person who filled in that date also wrote into the printed mortgage blank the details showing the amount of the mortgage, the amount of the installments and the brief description of the mortgaged premises. It is noteworthy, too, that the alleged mortgage does not run to Security Mfg. Corp., the dealer in windows, but, by means of a rubber stamp, names Backers Discount & Finance Co., Inc. as mortgagee.
Although it may be doubted that the predated certificate of proof is valid, and the discrepancy in dates supports Wilder's charge that the mortgage was signed in blank, the really important defect in my judgment is the lack of a note. On its face the mortgage purports to be security for a note, not an independent obligation. Without an obligation to secure there can be no valid mortgage. 36 Am. Jur., Mortgages, § 58, p. 718. Although it has been recognized that a mortgage secures a debt and not the particular note, bond or other evidence of the debt (59 C.J.S. Mortgages § 160, p. 210) there is a lack of proof here  other than the blank note, which is no proof at all  that the Wilders were ever indebted to Backers Discount & Finance Co., Inc. They may have incurred an obligation to Security Aluminum Window Mfg. Corp. to pay the price of furnishing and installing windows, but if that could be inferred from the pleadings and the evidence, it would still be a matter of surmise, rather than adequate proof, that any such debt or obligation was assigned to Backers Discount & Finance Co., Inc., the named mortgagee. The credit statement on the same page as the blank note suggests a connection between Backers and the window installer, but is not an assignment.
Wilder also testified in support of the cross-claim that he had an understanding with the man who proposed the *41 window project to him that no money would be due until the windows were properly furnished and installed, a result which never occurred. In other words, the only testimony offered about the windows leads to the conclusion that the Wilder obligation to pay has never matured because the other party to the window transaction has never performed fully its part of the bargain. This testimony of Wilder would have been more convincing if it had been more specific about the alleged defects in the work, but it was not contradicted. When mentioning the lack of contradiction I do not overlook the form printed on yellow paper and entitled "Owner's Release and Completion Certificate" which bears Wilder's signature. Although that form is dated and gives the address of the property, it contains blanks where, if properly filled out, the date of the contract and the name of the contractor would be inserted. The condition of the paper thus gives considerable support to Wilder's claim that the need for his signature was misrepresented to him by the man from the window company.
At the least, Wilder's testimony created a situation calling for anyone who seeks to establish an alleged obligation arising out of the aluminum window transaction to come forward with proof to refute the charges that the work was never completely and properly done and that various papers presented for signature to Mr. and Mrs. Wilder were misrepresented. I have little doubt that Mr. Black, being a trustee in bankruptcy and ancillary receiver, was in a poor, and perhaps impossible, situation as to finding witnesses able to give testimony on these subjects, yet the absence of proof can not be overlooked.
I conclude that the defendants Louis J. and Rosa H. Wilder are entitled to have judgment granting the prayer of their cross-claim against the purported mortgage of Backers Discount & Finance Co., Inc. and there will be a judgment that such instrument does not constitute a lien against the premises at 89 Seymour Street, Newark.
*42 There is no need to consider seriously the claim that First Capitol Savings & Loan Association, Inc. (now bankrupt) became a bona fide purchaser for value without notice. For one thing, the original answer to the Wilder cross-claim was filed on behalf of Backers Discount & Finance Co., Inc.; apparently the assignment to Capitol took place after commencement of suit. Even if the assignment had occurred much earlier and had involved documents with no such question-provoking defects as these have, the assignee who seeks to enforce a mortgage enjoys no such position as the holder in due course who sues upon a negotiable note. Compare Henion v. Monahan, 110 N.J. Eq. 361 (E. & A. 1932), with N.J. Mtge. & Inv. Co. v. Dorsey, 33 N.J. 448 (1960).