163 N.J. Super. 42 (1978)
394 A.2d 149
VICTORIA ALBIZU, PLAINTIFF,
v.
ACE ENTERPRISES CO., A PARTNERSHIP, A/K/A ACE ENTERPRISES COMPANY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided September 20, 1978.
*43 Mr. Alan Rich, attorney for plaintiff.
Mr. Michael J. Ferrara, attorney for defendant Bergen Bank of Commerce.
Messrs. Dunn & Infinito, attorneys for defendants Whitmore (Mr. Vincent J. Infinito appearing).
POLOW, J.S.C.
The only unresolved issue remaining in this foreclosure suit concerns the validity of a third mortgage given to secure part of the purchase price in a real estate transaction. Defendants, Mr. and Mrs. Whitmore (hereinafter collectively referred to as Whitmore) purchased the residence from defendants Ace Enterprises and the Archettis (hereinafter all collectively referred to as Archetti). Shortly *44 after the title closing the seller, Archetti, assigned the Whitmore purchase money mortgage to defendant Bergen Bank of Commerce, which presently holds the mortgage. The mortgage contains a recital to the effect that it is a second mortgage. There had already been executed and recorded a second mortgage, by Archetti in favor of plaintiff Albizu, six months before the Whitmore closing, a fact which was deliberately concealed by Archetti. Archetti had expressly represented to the purchaser that only one mortgage existed prior to Whitmore's. Unfortunately, Whitmore's search missed the Albizu mortgage and Bergen Bank failed to make a search, relying on the recital in the assigned mortgage as to its priority and Archetti's misrepresentations repeated to the assignee when the assignment took place.
The property has been ordered sold, and the first and second mortgages must be satisfied out of the proceeds. If there should be surplus funds, Bergen Bank demands that such surplus be paid over to satisfy the third mortgage it now holds as assignee. Whitmore demands the right to receive such surplus funds, arguing that the mortgage is void and unenforceable, having been obtained by Archetti's fraud.
The significant facts are not disputed. Whitmore purchased the subject residential property from Archetti in March 1975 and delivered the disputed mortgage as part of the purchase price. The mortgage contained a recital, based upon Archetti's representation, that it was a second, purchase money mortgage. It later became clear that the information provided by Archetti and the mortgage recital were false. Plaintiff Albizu's valid and subsisting second mortgage had been executed and recorded six months earlier, a fact deliberately concealed by Archetti. Hence, the mortgage from Whitmore to Archetti was, in reality, third rather than second in priority. Bergen Bank took an assignment of that mortgage from Archetti to guarantee payment of certain pre-existing debts, without a search of the records. Archetti has absconded and a default judgment has been entered against all of the Archetti defendants in the sum of $20,067.20, but *45 there is little hope it will be satisfied. Bergen Bank insists the surplus should be applied to the mortgage it holds as assignee of Archetti. Whitmore insists that the mortgage is null and void, having been obtained by Archetti's fraud. Bergen Bank argues that it had a right to rely on the recital in the Whitmore mortgage and that Whitmore was negligent in having failed to discover the prior recorded mortgage. Thus, Bergen Bank argues, Whitmore is precluded from attacking the validity of that instrument in the hands of an innocent party who took the assignment without actual notice, relying on the recital therein.
Whitmore was unaware of the existence of the Albizu second mortgage because of an oversight by the title searcher. The searcher is not a party to these proceedings. It is conceded that Archetti was guilty of a deliberate misrepresentation. Whitmore would have discovered the existing Albizu second mortgage if the record had been properly searched. On the other hand, it is also self-evident that Bergen Bank would have discovered the mistake in the recital if it had searched the record before accepting the assignment. Who, then, should bear the loss?
Whitmore not only demands the right to surplus funds because the purchase money mortgage was procured by Archetti's fraud but also seeks return of payments made to Bergen Bank on the assigned mortgage before the fraud was discovered.
Bergen Bank argues that the loss should be borne by Whitmore because Whitmore, it says, had a duty to perform a competent title search. Thus, the bank concludes it was justified in placing its reliance on the recital contained in the mortgage.
Bergen Bank essentially bases its position upon the rule of law set forth in 37 Am. Jur.2d § 263 at 353:
The principle that there may be a right to rely upon representations in respect of property without an examination of the public records has been applied * * * where a mortgage is being offered for sale, to ascertain in what order of priority it stands * * *.
*46 A similar statement of law apepars in 55 Am. Jur.2d § 1272 at 1033. But the context in which its principle is thus stated differs from the circumstances of this case. The quotations relied upon by Bergen Bank relate to rights of the assignee of a mortgage induced by fraud of the assignor where the mortgage itself is a valid lien. That authority quoted does not purport to apply where the mortgage itself is invalid.
In the present case Whitmore did not make the assignment, did not intend Bergen Bank to rely on the mortgage recital and did not execute the mortgage with fraudulent intent. Indeed, the bank's reply brief recognizes expressly that "obviously, a fraud was perpetrated upon the Whitmores by Archetti." Bergen Bank admits that the Whitmores acted without fraudulent intent but alleges that equitable fraud may support its claim even absent intent to deceive since only equitable relief is sought therefrom, not monetary damages. Foont-Freedenfeld Corp. v. Electro Protective Corp., 126 N.J. Super. 254 (App. Div. 1973), aff'd 64 N.J. 197 (1974); Geheradi v. Trenton Bd. of Ed., 53 N.J. Super. 349 (App. Div. 1959).
Bergen Bank argues further that it would be inequitable to permit it to suffer the consequences of Whitmore's negligent title search. However, Bergen Bank cites no authority for its position that Whitemore has a greater responsibility than the bank to perform a ttile search. Whitmore, although negligent, relied on Archetti's wilful fraudulent concealment. Bergen Bank did not advance funds in reliance on the recital; rather, it accepted the assignment to assure satisfaction of antecedent debts due it from Archetti. Thus, there is no basis to support the bank's claim that any loss occasioned should be shifted to Whitmore. Whitmore was not in a better position to avert the bank's loss. Indeed, in connection with this purchase from Archetti, who made the intentional misrepresentation, the purchasers were under no obligation to anyone but themselves to make a title search. See 37 Am. Jur. § 262.
*47 Bergen Bank claims its status is that of a bona fide purchaser for valuable consideration. But, its reliance on N.J. Mtge. & Invest. Co. v. Dorsey, 60 N.J. Super. 299 (App. Div. 1960), aff'd 33 N.J. 448 (1960), is misplaced. The court there, dealing with a negotiable instrument, held that for a note in the hands of a holder in due course to be invalidated because of fraud in the factum, the maker must have been free of negligence. Here we are dealing with a mortgage, not a negotiable instrument. Thus the assignee is not a holder in due course.
As assignee of a mortgage, the bank was under some affirmative obligation to inquire. It was chargeable with knowledge that the recital in the mortgage was not made for its reliance. Henion v. Monahan, 110 N.J. Eq. 361 (E. & A. 1932). Reasonable inquiry would encompass a request for express assurances from the mortgagor or a search of the records, neither of which was attempted by the assignee. Its argument that an inquiry of Whitmore would have been futile because Whitmore was unaware of the Albizu mortgage does not advance its position. Had such an inquiry been made and had Whitmore responded with false or incorrect information, the situation might be altered. However, Whitmore made no direct representation to Bergen Bank as to priorities. When the mortgage was executed by Whitmore, there was no indication that Bergen Bank intended to rely thereon. Under these circumstances, a failure to inquire places the assignee directly in the shoes of its assignor. Davenport v. O'Connell, 117 N.J. Eq. 454 (Ch. 1935).
Bergen Bank also argues that there was valid consideration for the assignment. If it actually provided valuable consideration for this assignment, or even if the consideration was solely an antecedent debt, no doubt Archetti would be liable to the bank. But under these circumstances the rights of the assignee against the mortgagor can rise no higher than those possessed by his assignor. Defenses available against the assignor at the time of the assignment are available against the assignee. Abeles v. Adams Engineering *48 Co., 64 N.J. Super. 167, 187 (App. Div. 1960), mod. on other grounds 35 N.J. 411 (1961). The fraudulent conduct of Archetti bars enforcement of the mortgage. Where an owner of land is induced by fraud to execute a mortgage which he would not have given had he been fully informed, such fraud will be fatal to the validity of the instrument. Henion v. Monahan, supra.
Since Archetti fraudulently concealed the existence of the second mortgage held by Albizu, Whitmore is entitled to credit against the mortgage assigned to Bergen Bank for the amount due on the concealed Albizu mortgage. Thus, Whitmore should receive out of surplus, if any, before any payment on the mortgage held by Bergen Bank, the full amount paid over to satisfy the concealed second mortgage. If Whitmore shall have been fully compensated for the amount used out of the sale proceeds to satisfy that mortgage and any additional surplus funds still remain, such remaining surplus should be paid over to the bank to satisfy the fraudulently induced mortgage it holds. The subject mortgage, having been obtained by fraud, is therefore declared invalid to the extent necessary to protect the mortgagor against losses sustained in order to satisfy the concealed Albizu mortgage.
However, Whitmore's claim for recovery of payments made on the mortgage to Bergen Bank before becoming aware of the existence of Albizu's mortgage, will be denied. As between the two innocent, albeit negligent, victims of Archetti's fraudulent conduct, this court of equity will not relieve them of the consequences of their own affirmative, voluntary, negligent conduct in this regard. Further, there is a compelling additional basis for denying this claim. Had there been no assignment, and had installments been paid on the mortgage by Whitmore to Archetti, Whitmore would have been entitled to recover against Archetti for overpayments made as a result of Archetti's fraudulent conduct. But if the proceeds of such installments had been paid over by Archetti to Bergen Bank on Archetti's pre-existing debt, *49 such payments received by the Bank would not under those circumstances have been subject to recovery. Whitmore would have had a right to recovery only against Archetti.