ANNGENETTE K. LAWSHE

*v.*

TRENTON BANKING COMPANY.

[Submitted October 18th, 1916.  Determined November 21st, 1916.]

1. Where a married woman assigned a mortgage to a bank to secure debts due the bank from her husband's company, and the repayment of money to be advanced him, the bank is not required to inquire whether the act was free and voluntary.

2. A wife may transfer her property to her husband without pecuniary consideration, or may pledge her property to secure her husband's obligations. The legal presumption is that such transfer is valid.

3. In such case if it be established that the assignment of the mortgage was procured by the husband through undue influence over his wife and that the bank did not change its position as to the pre-existing indebtedness, the defendant is entitled to the protection of a purchaser for value without notice to the extent of the money thereafter advanced upon the faith of its security, but not as to money due it at the time of the transfer.

On final hearing on bill to set aside assignment of mortgage.

*Messrs. Geraghty & Weelans,* for the complainant.

*Mr. Frank S. Katzenbach, Jr.,* for the defendant.

LEAMING, V. C.

April 30th, 1915, complainant was the owner of a certain mortgage, and on that date executed an assignment of the mortgage to defendant banking company. This suit has been brought by complainant to set aside that assignment.

Complainant's husband was at that time president and owner of one-half the capital stock of a certain manufacturing corporation known as the Trent Tile Company. That corporation had for some years discounted its commercial paper at defendant bank, and complainant's husband had uniformally endorsed the paper not only with the name of his corporation but also with his personal endorsements. The evidence fully establishes the fact that on the date above named the mortgage here in question, assigned to the bank by complainant in due form, was delivered to the bank by complainant's husband to secure the payment of the indebtedness then due to the bank from the company above named, and also to secure such additional indebtedness as might thereafter arise in the same manner.

The relief which is here sought in behalf of complainant is based upon the claim that the assignment of the mortgage was executed by complainant at the instance of her husband without consideration and without any knowledge upon her part of the purpose for which the assignment was made and without

independent counsel or knowledge touching the nature or consequences of her act and wholly as the result of undue influence upon the part of her husband, and that the assignment in no sense represents complainant's voluntary or intelligent act.

1. It will be observed that while the assignment of the mortgage was made by complainant directly to the bank, it was, so far as her interests were concerned, in effect, a gift by her to or for the use of her husband. If the present controversy were alone between complainant and her husband, I think it clear that she would be entitled to reclaim the mortgage. The evidence fully discloses that complainant was without business experience, and that she implicitly relied upon her husband in all matters relating to her pecuniary affairs. Indeed, this very mortgage was, as I am convinced, procured for complainant by her husband, without her knowledge, to secure the payment to her of money which she had inherited from her son, and which money her husband had, also without her knowledge, loaned to the business concern already referred to. When complainant's husband subsequently needed the use of that mortgage for the benefit of his business, he asked complainant to execute an assignment of it to defendant bank and she assented. He merely stated to her that it was for their interest for her to do so and made no explanation whatever of the proposed transaction. She was not appraised of the nature of the transaction by anyone. When she executed the assignment before an acknowledging officer, who had been sent to her at her home for that purpose, she had not been even informed whether the assignment was absolute or merely to secure some indebtedness. She knew that the assignment was to defendant bank and knew nothing more about the matter except that it was her husband's wish that she should execute it, and her confidence in her husband obviously impelled her to comply with that wish on his part. The mortgage was $20,500 in amount and represented all complainant was worth except a certain residence property which was worth about $5,000 above encumbrances. She was sick at the time, and, according to the testimony of her physician, was physically unable to maintain sustained thought adequate to comprehend any business transaction which was not a simple

affair, had it been explained to her. I think it clear that as between complainant and her husband complainant would be entitled to relief from the operation of the assignment.

2. But the assignment was to defendant banking company and the rights of that company must be considered. It is urged in behalf of complainant that the banking company cannot be accorded the status of a purchaser without notice. This contention is based upon the claim that officers of the banking company knew that the mortgage was assigned to the bank by complainant to secure obligations of others without valuable consideration moving to her, and also knew that complainant was the wife of the person from whom the bank received the assigned mortgage and was without business experience, and also knew that complainant was at the time ill, or had been ill. That knowledge, it is claimed, was operative to put the bank on inquiry to ascertain whether the assignment was the intelligent and voluntary act of complainant and free from any dominating influence of her husband.

Assuming defendant banking corporation to have been chargeable with knowledge of all the facts above suggested, I am unable to reach the conclusion that such information was operative to impose a burden of inquiry of the nature · suggested. A transfer from a wife to her husband or for his use of property belonging to her, without a pecuniary consideration moving to her, or a pledge of property by a wife to secure · an obligation of her husband · without pecuniary consideration moving to her, is sanctioned by law. The legal presumption is that such a transfer is valid. As the law imports· validity, it necessarily recognizes the right of any person receiving the benefit of such transfer to act and rest upon the presumption of validity, unless some other fact is brought to his knowledge to appropriately raise a suspicion or doubt. No fact of that nature was brought to the knowledge of defendant company: There was no knowledge of serious illness of complainant and no knowledge suggesting undue influence over her. On the contrary, the bond and mortgage were delivered to defendant bank by the husband of complainant accompanied by an assignment executed by her with all the formalities and safeguards provided

by law for the protection of the assignor against coercion and imposition by means of an acknowledging officer, as suggested in *LeGendre* v. *Goodridge, 46 N. J. Eq. 419, 428,* and in *Fretz* v. *Roth, 70 N. J. Eq. 764, 766,* and no circumstance existed to suggest a suspicion that fraud or undue influence had been exercised, or that in the execution of the assignment complainant had not been fully apprised of the nature and consequences of her act. Views of this nature are made the basis of decision in *Loughead* v. *Armstrong, 84 N. J. Eq. 49.* See, also, as to legal presumption of validity in a transfer of property by a married woman to secure the debt of another, *Warwick* v. *Lawrence, 43 N. J. Eq. 179,* and *Walker* v. *Dixon Crucible Co., 47 N. J. Eq. 342.* A series of English cases are to be found in which conveyances made by children who have recently come of age to secure debts of their father have been set aside for want of independent advice, in instances in which the creditor has been apprised of the fact that the child had only recently come of age; but these cases proceed upon the presumption that such a child is under the influence of his parent, or, as there phrased, unemancipated. The following are cases of that class: *Bainbridge* v. *Brown, L. R. 18 Ch. Div. 188; Kempson* v. *Ashbee, L. R. 10 Ch. App. Cas. 15; Archer* v. *Hudson, 7 Beav. 551; Baker* v. *Bradley, 7 De G. M. & G. 597; Thornber* v. *Sheard, 12 Beav. 589; Maitland* v. *Irving, 15 Sim. 437; Maitland* v. *Backhouse, 16 Sim. 58.* It will also be observed that these cases chiefly relate to security for pre-existing debts as distinguished from debts incurred by reason of the security. I am convinced that defendant must be accorded the status of a purchaser without notice.

3. It has already been stated that the evidence satisfies me that the mortgage was in fact given to defendant to secure the indebtedness then existing and thereafter to arise. A portion of the money now due to defendant was advanced after the mortgage was assigned. As to that amount defendant clearly is entitled to the protection afforded a purchaser for value without notice. See note to *Smith* v. *Ward,* in *1 Am. Dec. 81; Big. Fraud 406.* But as to the preceding debt a different rule obtains. The evidence discloses no change of position of defend-

ant on the faith or credit of the mortgage with reference to the preceding debt; it does not even appear that any extension of time for payment of the preceding debt arose by reason of the mortgage security. In such circumstances, defendant cannot be accorded the rights of a purchaser for value as to the preceding debt as against the superior equity of complainant. This view has been adopted by this court in *Reeves* v. *Evans* (*Vice-Chancellor Reed*), *34 Atl. Rep. 477*, and *Martin* v. *Bowen*, *51 N. J. Eq. 452*. See, also, *Wheeler* v. *Kirtland*, *24 N. J. Eq. 552, 555*; *Mingus* v. *Condit, 23 N. J. Eq. 313*; *Tate* v. *Sec. Trust Co., 63 N. J. Eq. 559; 1 Big. Fraud 406.*

Defendant will, accordingly, be entitled to enforce the lien of the mortgage, to the extent of the money advanced in faith of that security; that amount I understand to be $8,775.

I will advise a decree in accordance with the views herein expressed.