ANGENETTE K. LAWSHE, complainant-respondent,

*v.*

TRENTON BANKING COMPANY, defendant-appellant.

[Argued June 21st, 1917.. Decided November 19th, 1917.]

On appeal from a decree advised by Vice-Chancellor Leaming and reported in *87 N. J. Eq. 56.*

*Messrs. Geraghty & Weelans,* for the complainant-respondent.

*Mr. Frank S. Katzenbach, Jr.,* for the defendant-appellant.

PER CURIAM.

We are satisfied that the evidence does not justify the conclusion that Mrs. Lawshe executed the assignment of mortgage

under any coercion of her husband or because her will was under his domination. The situation was that she had loaned money, half of which she had but recently received from her husband, to the Trent Tile Company, in which her husband was largely interested, and by his receipts from which the family profited, by which also they were largely supported. She had as security a mortgage given by the Trent Tile Company to her, but executed without formal authority from the board of directors. The company needed money. The board of directors authorized the execution of the mortgage involved in this suit, and on the same day she assigned the mortgage to the bank as security for the indebtedness of the tile company. We are persuaded that the mortgage and the assignment were contemporaneous because they were a part of an arrangement by which the tile company was to secure Mrs. Lawshe by a valid mortgage and obtain thereby further credit at the bank. Whether it secured as much by way of additional advances as Mr. Lawshe expected, or even as much as the bank may have promised, is unimportant. Mr. Lawshe had told his wife what was the truth, that it would be to the advantage of the tile company. He seems to have had in mind that thereby time would be secured until the company's indebtedness could be funded and perhaps further help secured through the proposed $35,000 mortgage. Mrs. Lawshe understood that the assignment would probably be to her and her husband's advantage through the aid offered to the tile company. She knew what she was going to do, expected the coming of the officer to take her acknowledgment; told the nurse she had to attend to a little business; that she was very tired, but perhaps had better go, and asked the nurse to help her to the library. The nurse did so, and left her alone; the nurse says she thought that was perfectly proper. Mrs. Lawshe had been ill with a cold and some fever; but she was convalescent, and on the day in question had not had an opiate. These facts suffice to show that the assignment is not successfully impeached. It is unnecessary, therefore, to consider the question whether the bank is in the position of a *bona fide* purchaser for value, and if so, to what extent. It can safely rest on its legal rights; it is not disputed

that the mortgage was pledged as collateral for the Rambow paper as well as for the new advances of the bank. The decree must be reversed and the record remitted in order that a new decree may be entered in accordance with our opinion.

The defendant is entitled to costs in both courts.

*For affirmance*—BLACK—1.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, WHITE, WILLIAMS, HEPPENHEIMER—9.