284 N.J. Super. 503 (1995)
665 A.2d 1119
FAMILY FIRST FEDERAL SAVINGS BANK, A FEDERALLY CHARTERED SAVINGS AND LOAN ASSOCIATION, PLAINTIFF-RESPONDENT,
v.
PHYLLIS DEVINCENTIS, DEFENDANT-APPELLANT, AND PHILIP DEVINCENTIS, LAWYERS TITLE INSURANCE CORPORATION, ALBERT E. FERSHING AND SHURKIN & FERSHING, P.A., ALSO KNOWN AS SHURKIN & FERSHING, ALSO KNOWN AS SHURKIN & FERSHING, A PROFESSIONAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1995.
Decided October 11, 1995.
*505 Before Judges PRESSLER and KEEFE.
Frederick L. Bernstein argued the cause for appellant (Mr. Bernstein, on the brief).
Edward A. Stein argued the cause for respondent (Ezor & Stein, attorneys; Mr. Stein, of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Defendant Phyllis DeVincentis appeals from the summary judgment entered against her in the mortgage foreclosure action brought by plaintiff Family First Federal Savings Bank (bank). We affirm.
Defendant is the owner of two adjacent but separately designated parcels of land in Beach Haven. The parcel known as 205 Taylor Avenue was acquired by defendant and her husband in 1952, and title passed to her individually upon his death in 1966. *506 There are two residential units on that lot, one of which defendant customarily occupies during the summer months. The adjacent lot, known as 209 Taylor Avenue, was acquired by defendant and her husband in 1954, and title passed to her individually upon her husband's death. That lot is vacant. Each of the two lots is the subject of a separate and distinct mortgage given to different mortgagees. This action concerns only the mortgage encumbering the vacant lot.
Insofar as appears from this record, the bank lent defendant and her son, defendant Philip DeVincentis, the sum of $135,000 on December 12, 1988. The instrument of obligation was a note executed by both. The debt was secured by a mortgage on 209 Taylor Avenue executed by defendant Phyllis DeVincentis. The mortgage documents were prepared by Albert E. Fershing, Esq., a partner of the law firm of Shurkin and Fershing. Giving plaintiff the benefit of all permissible inferences in her favor, it appears that plaintiff participated in the mortgage closing accompanied by her son and Fershing. Fershing was the attorney of one Albert Pepe, a principal of Irex Real Estate. The apparent purpose of the loan was to finance Philip DeVincentis's engagement in a business venture with Pepe and Irex. Plaintiff's check for the gross loan proceeds was drawn to the order of Mrs. DeVincentis, her son and Fershing. It was negotiated through Fershing's attorney trust account, from which Fershing drew a check to Mrs. DeVincentis for the net loan proceeds. That check was endorsed by her and bears under her signature the legend "Pay to the order of IREX Realty."
Philip DeVincentis, for whose benefit the loan was made and the mortgage given, apparently failed to make the required amortization payments to plaintiff. Nor did Mrs. DeVincentis make any payments. As a result of the default, plaintiff commenced this foreclosure action against both Mrs. DeVincentis and her son by complaint filed in the Chancery Division, Ocean County, in February 1991. Service of process was made on both defendants at the Bergen County home of Philip DeVincentis, a place which was not *507 and apparently has never been Mrs. DeVincentis's place of residence. No answer was filed to the foreclosure complaint. In January 1993, a judgment by default was entered, and an order for sheriff's sale of the vacant lot was ordered.
Some months after the entry of the default judgment, Mrs. DeVincentis became aware of the ordered sheriff's sale and consulted her attorney. In December 1993, Mrs. DeVincentis filed a motion pursuant to R. 4:50-1 seeking vacation of the judgment of foreclosure, claiming that service upon her was defective and that she had in fact not been noticed of the pendency of the action. Her affidavit in support of that motion averred in part that:
My husband, Carl DeVincentis, died on March 8, 1966, and I succeeded to the ownership of this property in Beach Haven [209 Taylor Avenue] as the surviving spouse. I have been the sole owner of this property ever since. It is essentially a summer residence. I have resided for many years at an apartment in the City of Hackensack known as 24 Berkshire Place, Hackensack, New Jersey. My principal residence is at my Berkshire Place apartment.
Based on the defect in personal service, the default judgment was vacated, and defendant filed an answer to the foreclosure complaint raising a number of affirmative defenses. In essence she claimed that the mortgage was invalid and unenforceable for two reasons. First was the asserted failure of the bank to allow her the three-day period to rescind the transaction as required by 12 C.F.R. § 226.23 (Truth in Lending  Regulation Z). Second is the assertion that she was induced to execute the mortgage by the fraud, duress, undue influence, misrepresentations and other improper conduct on the part of her son, Pepe, or Fershing, or all or some of them, and that the bank was chargeable, if not with knowledge of that improper conduct, at least with the duty of inquiry as to whether she was executing the mortgage as a matter of her own voluntary, knowing and purposeful act. The bank moved for summary judgment of foreclosure, contending that as a matter of law and of undisputed fact, none of the affirmative defenses raised was sufficient to defeat its right to foreclose. The trial judge agreed. This appeal is taken from the consequent summary judgment in favor of the bank granting the foreclosure.
*508 We consider first the Truth in Lending Law defense. There is no question that defendant was not afforded the three-day rescission right accorded by 12 C.F.R. § 226.23(a)(1), which provides in relevant part, that
In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction....
The bank contends that the regulation was inapplicable to this transaction because the mortgaged property is not defendant's principal dwelling. The judge agreed, and so do we. We point out first that defendant's own certification in support of her motion to vacate the default judgment asserts that her principal residence is her Hackensack apartment. Beyond that, there is no question that the property that is the subject of the mortgage is a vacant lot. It is nobody's dwelling. Defendant argues that since the vacant lot is adjacent to the improved lot and since at least one, if not both, of the two lots is non-conforming under the Beach Haven zoning ordinance, the two lots merge as a matter of law under the principles articulated by Loechner v. Campoli, 49 N.J. 504, 231 A.2d 553 (1967). We do not question Loechner. The point is simply that it is not applicable here. The bank lent money on the security of a vacant lot. The loan was accepted and the mortgage given on that basis. Obviously, the bank would hardly be in a position to claim, on a merger theory, that its mortgage encumbered the improved lot as well as the vacant one. Consequently, it cannot be burdened by a merger theory any more than it could be benefitted thereby. For financing purposes, the two lots were treated as entirely separate entities by their owner, separate mortgages were given and accepted on each, and neither mortgage could be deemed to encumber anything other than the single lot securing the respective loan. In these circumstances, it may well be that the financing of the improved lot was subject to Regulation Z. The financing of the vacant lot was not.
We are also satisfied that irrespective of whatever rights Mrs. DeVincentis may have against her son, Pepe, Irex Realty and *509 Fershing, their imposition upon her, if that in fact was the case, is not a matter affecting the validity of the bank's mortgage. Defendant contends that she never meant to encumber her property, did not know what she was doing, was not freely exercising her own will, was not independently represented by counsel, and was, in sum, taken advantage of by her son, his associate, and his associate's lawyer. That may all be true. The issue, however, is whether any fraud, duress, undue influence, or other improper dealing of which defendant was the victim is chargeable to the bank.
Defendant argues that as a matter of law as well as of sound business practice, the bank should not have proceeded without assuring itself that she was either independently represented or that she was fully aware of the nature of the actions she was taking. The only facts defendant relies on as the basis for imposing such a duty of inquiry on the bank are her advanced years  she was almost eighty at the time of the transaction  and Fershing's apparent representation of the other persons interested in the transaction, namely, Pepe, Irex and defendant's son. She further asserts that were the matter to proceed by way of discovery and trial, she might be able to adduce additional unspecified proofs supporting the bank's chargeability.
We share, however, the trial judge's view of the matter. We agree that when an elderly mortgagor appears at a mortgage closing with an adult son for whose benefit the mortgage is being given and who is a co-signor of the mortgage note, and when they appear with an attorney apparently acting for both, the bank is entitled to accept what appears to be a perfectly routine and unexceptionable transaction at face value without intruding itself into the parental or the legal relationships involved. Indeed, this court so held in Lesser v. Strubbe, 67 N.J. Super. 537, 171 A.2d 114 (App.Div. 1961), affirmed o.b., 39 N.J. 90, 187 A.2d 705 (1963), in similar circumstances involving a wife and husband rather than a mother and son:

*510 A lender is not required to insist that a borrower, or his wife, secure independent legal advice before entering into a loan transaction. It certainly was not the lender's obligation to advise Mrs. Strubbe as to whether or not she was acting prudently. Plaintiff [mortgagee] had the right to assume that Mr. and Mrs. Strubbe had discussed the venture between themselves and had reached their own understanding or agreement. Even though plaintiff was aware that Mrs. Strubbe was "gratuitously" guaranteeing and securing her husband's loan, through the medium of a corporate transaction, that of itself would not require the lender to inquire whether her husband was committing a fraud on her.
[Id. 67 N.J. Super. at 545, 171 A.2d 114.]
We further held that the husband's fraud in inducing his wife to execute the mortgage transaction "will not invalidate it as against the mortgagee unless the mortgagee in some way participated in or knew of the fraud." Ibid. What we said in Lesser about the marital relationship is, in our view, equally applicable to the parental one. In the absence of any suggestion at all of the bank's knowledge of or participation in a fraud, we are persuaded that Lesser, affirmed by the Supreme Court, must govern.
There is one final matter we must address, and that is the series of procedural anomalies following defendant's filing of her answer to the foreclosure complaint in February 1994. As we noted, the answer pleaded affirmative defenses alleging the wrongful conduct of others. The bank's response, in March 1994, was to file a third-party complaint alleging causes of action against Fershing, his firm, and Lawyers Title Insurance Company, which had issued a title policy in favor of the bank. It is first clear that the bank, as plaintiff in the foreclosure action, improperly resorted to the third-party practice of R. 4:8. The third-party practice is intended to permit impleading of persons not yet joined in the litigation who share or may share the impleader's responsibility with respect to an affirmative claim made against him by another party. Indeed R. 4:8-2 expressly limits the filing of a third-party complaint by a plaintiff to a "plaintiff against whom a counterclaim is asserted." No affirmative claim was made against the bank. Its proper procedural recourse was the filing, but only with the court's permission, of an amended complaint pursuant to R. 4:9-1 joining additional parties directly liable to it.
*511 In any event, before any of the named third-party defendants had responded to the third-party complaint, the bank moved for and was granted summary judgment against Mrs. DeVincentis and her son in the foreclosure action. The motion was granted in May 1994, reconsideration was denied by the trial court, and Mrs. DeVincentis filed her notice of appeal in June 1994. Because of the pendency, however, of the third-party claims, the foreclosure judgment was apparently not final since it did not dispose of all claims as against all parties. See, e.g., Matter of Estate of Johnson, 240 N.J. Super. 134, 136, 572 A.2d 1163 (App.Div. 1990). We elect, however, to grant leave to appeal nunc pro tunc in the interests of justice.
Following the entry of the foreclosure judgment, the trial court considered the pending motion of Fershing and his law firm to dismiss the third-party complaint. By its order of October 12, 1994, four months after the filing of this notice of appeal, the motion was denied but the caption of the foreclosure action was ordered amended to eliminate the third party complaint and to effectuate an amended complaint with the joinder as parties defendant of Fershing, his firm, and the title company. Apparently, the purpose of that amendment, by which the action was continued beyond the filing of the notice of appeal, was to protect any right over which the bank may have had against those added defendants in the event of Mrs. DeVincentis's success on this appeal.
While these events were going on in the Ocean County foreclosure action, the bank was also pursuing its remedy on the mortgage note executed by Mrs. DeVincentis and her son. In July 1994 the bank filed its complaint in the Law Division, Passaic County, on the note against the makers, Fershing, his firm and the title company. As we understand the record, the pleadings of the respective parties generally mirrored their pleadings in the foreclosure action. We also understand that in the Law Division action Mrs. DeVincentis has cross-claimed against her co-defendants. The posture of the two matters then appears to be the *512 pendency of both the Law Division action in Passaic County on the note and the pendency of that portion of the foreclosure action in Ocean County replicating the claims of the bank against Fershing, his firm and the title company.
Since the bank and Mrs. DeVincentis are the only parties to this appeal and since she is no longer a party to the pending portion of the Ocean County action, we need not address either the still pending Chancery Division action or the Law Division action. We are compelled, however, to make these observations. R. 4:30A, the entire controversy rule, specifically excepts from its application the contrary provisions of R. 4:64-5. R. 4:64-5 prohibits the pleading, without leave of court, of non-germane claims against the mortgagor or other persons liable on the debt. Non-germane claims are expressly defined to include claims on the instrument of obligation evidencing the mortgage debt.
It was because of this rule that the bank commenced the Law Division action. The duplication of pleadings in the two actions results from the circumstance that Mrs. DeVincentis's defense in the foreclosure action is the same as her defense on the note. The implication in that defense of persons not party to the foreclosure action did not, however, justify the joinder of those persons in the foreclosure action, particularly in view of the pendency of the Law Division action on the note. That is to say, either Mrs. DeVincentis's defense defeated the mortgage or it did not. That was a matter solely between Mrs. DeVincentis and the bank in the foreclosure action. The bank's rights against the added defendants if her defense prevailed could not have affected the validity or invalidity of the mortgage. Those rights were, in any event, fully assertable in the pending Law Division action. In our view, then, the joinder of the additional parties should not have been permitted in the foreclosure action at all. That action should now be fully terminated in view of our holding that Mrs. DeVincentis's defenses are insufficient to impugn the validity of the mortgage. All of the remaining and consequent rights of all of the parties are fully adjudicable in the Law Division action.
*513 The summary judgment appealed from is affirmed, and we remand to the Chancery Division for further proceedings consistent with this opinion.