[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
On May 15, 1990, the defendant, Noreen R. Skoronski ("Skoronski"), signed a mortgage note ("the Note") promising to pay the plaintiff, Citicorp Mortgage, Inc. ("Citicorp"), the principal sum of $169,000.00 plus any interest as specified in the Note. On the same date, Skoronski signed a mortgage deed ("the Deed"), securing the repayment of indebtedness. The Deed mortgaged property located at 1109 Halladay Avenue, Suffield, Connecticut ("the property") to Citicorp. Beginning on December 1, 1993, Skoronski ceased making payments to Citicorp. As a result, Citicorp declared the entire balance due on the Note. As of January 1, 1994, Skoronski owed Citicorp a principal balance of $166,619.34 and additional amounts for insurance premiums, interest, taxes, and late charges. In addition, as provided by both the Note and the Deed, Skoronski is obligated to pay reasonable attorneys' fees.
On October 18, 1994, Citicorp filed a one-count CT Page 3794 complaint against the defendants, Skoronski and the Avon Mortgage Company of New York, Inc. ("Avon Mortgage Co."), seeking to foreclose the mortgaged property to recover the amount which Skoronski promised to pay Citicorp. On December 6, 1994, Skoronski filed a disclosure of defense contending that "at the time of the execution of the mortgage deed and note described in Plaintiff's Complaint, Defendant Noreen Skoronski was not explained the terms and conditions of said note and deed and in fact executed said documents upon the demand of her ex-husband Thomas Skoronski under extreme duress and undue influence and misrepresentation, and as such the note and deed are void as to Defendant Noreen Skoronski." On December 7, 1994, Citicorp filed a motion for default against Avon Mortgage Co. for failure to file a disclosure of defense within five days of plaintiff's demand. On December 19, 1994, the court, Sheldon, J., granted Citicorp's motion for default against Avon Mortgage Co.
On April 21, 1995, Citicorp filed a motion to strike Skoronski's disclosure of defense as legally insufficient pursuant to Practice Book §§ 152(5), 154, 155, 160, 161, 162, 164. On the same date, Citicorp filed a memorandum in support of its motion to strike. On June 14, 1995, Skoronski filed an answer admitting her obligation to pay Citicorp $169,000.00, her ownership and possession of the property, and her mortgage of the property to Citicorp to secure the repayment of her indebtedness. In the same pleading, Skoronski filed special defenses identical to those disclosed on December 7, 1994. On June 21, 1995, Citicorp filed a motion to strike Skoronski's special defenses. On the same date, Citicorp filed a memorandum in support of its motion to strike. On July 18, 1995, the court, Mulcahy, J., denied Citicorp's motion to strike filed on April 21, 1995. On October 10, 1995, the court, Hennessey, J., denied Citicorp's motion to strike filed on June 21, 1995.
On January 23, 1996, Citicorp filed a motion for summary judgment against Skoronski on the ground that Skoronski's special defenses do not bar Citicorp's foreclosure action. On the same date, in accordance with Practice Book §§ 204 and 380, Citicorp filed a memorandum in support of its motion for summary judgment. Skoronski did not file a memorandum, or any other documents, in opposition to Citicorp's motion for summary judgment. CT Page 3795
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.)Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). See also Kakadelis v. DeFabritis, 191 Conn. 276, 281,464 A.2d 57 (1983).
"`The test [for the grant of a motion for summary judgment] is whether a party would be entitled to a directed verdict on the same facts.'" Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994). "A directed verdict is appropriate when the jury could not reasonably and legally have reached any other conclusion." (Internal quotation marks omitted.) Boehm v. Kish, 201 Conn. 385, 393
n. 4, 517 A.2d 624 (1986).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., supra, 229 Conn. 105 "[T]he party opposing . . . a motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381." Id. Therefore, "`[a]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue.'" (Citation omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 255, 654 A.2d 748 (1995). See alsoHaesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994);Dolnack v. Metro-North Commuter R. Co., 33 Conn. App. 832,835, 639 A.2d 530 (1994). As a result, "`[w]hen a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant.'" Catz v. Rubenstein,
CT Page 3796201 Conn. 39, 49, 513 A.2d 98 (1986).
Section 380 of the Practice Book provides in relevant part that "[t]he adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." "[D]espite the prescription of § 380 that [t]he adverse party . . . shall file opposing affidavits, the plaintiff's failure to do so" is not fatal. (Internal quotation marks omitted.) Pepe v. NewBritain, 203 Conn. 281, 287, 524 A.2d 629 (1987). Therefore, although Skoronski failed to file any documents opposing Citicorp's motion for summary judgment, Citicorp's motion for summary judgment will not automatically be granted by this court. Instead, in order to prevail on its motion, Citicorp must meet its burden of proof.
In its memorandum in support of its motion for summary judgment, Citicorp argues that Skoronski's special defenses; i.e., Citicorp's failure to explain the terms of the Note and the Deed and the duress by her ex-husband, do not bar Citicorp's foreclosure action initiated to recover the remainder of the amount Skoronski promised to pay Citicorp.
"Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v.Chintz, 193 Conn. 304, 309, 476 A.2d 572 (1984);unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491,495, 429 A.2d 946 (1980); duress or coercion and materialalteration, Second New Haven Bank v. Quinn, 1 Conn. App. 78,79, 467 A.2d 1252 (1983); payment, Connecticut Bank and TrustCompany v. Dadi, 182 Conn. 530, 532, 438 A.2d 733 (1980);discharge, Guaranty Bank Trust Co. v. Darling, 4 Conn. App. 376,380, 494 A.2d 1216 (1985); fraud in the factum, HeatingAcceptance Co. v. Patterson, 152 Conn. 467, 208 A.2d 341
(1965); and lack of consideration, Sonnichsen v. Streeter,
4 Conn. Cir. 659 (1967)." (Emphasis added.) Citicorp Mortgage,Inc. v. Ribera, Superior Court, judicial district of Litchfield, Docket No. 0067722 (December 1, 1995, Pickett, J.).
Skoronski's first special defense, Citicorp's failure to explain the terms of the Note and the Deed, has not been recognized as a valid defense to a foreclosure action. SeeBank of New Haven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (April 2, CT Page 3797 1993, Curran, J.) (the court held that the Bank of New Haven did not have a duty to explain how the "prime rate" was calculated, noting another case, Bank of Boston Connecticut v.Security Group, Superior Court, judicial district of Waterbury, Docket No. 105564 (August 28, 1992, Kulawiz, J., 7 Conn. L. Trib. 310), where the court held that the bank had no duty to explain the consequences of a guarantee agreement to the guarantor.)
Connecticut does not require a mortgagee to explain the terms of a mortgage note and deed to a mortgagor based on the general rule "that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so . . ." Connelly v. Kellogg,136 Conn. 33, 38, 68 A.2d 179 (1949). Therefore, "[w]here a party realizes he has only limited information upon the subject of a contract, but treats that knowledge as sufficient in making the contract, he is deemed to have assumed the risk of a mistake." Bank of New Haven v. Liner, supra. Moreover, "`[i]f a party had any objections to the provisions of a contract he signed, he should have refused to make it. Having executed it, his mouth is closed against any denial.'" Id.
Nevertheless, the general rule "is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and (the rule) applies only if nothing has been said or done to mislead the person sought to be charged or to put a man of reasonable business prudence off his guard in that matter." Ursini v. Goldman, supra,118 Conn. 562.
Skoronski's first special defense to Citicorp's foreclosure action does not contend that Citicorp acted fraudulently or in a misleading matter or that she made a mistake, not due to negligence, in signing the Note and the Deed. Rather, Skoronski simply asserts that Citicorp failed to explain the terms of the Note and the Deed to her. Therefore, the general rule, that a person signing a contract has a duty to read the contract, meaning that notice of the contents will be imputed to the borrower, applies in the present case. Accordingly, Skoronski's first special defense does not bar Citicorp's foreclosure action. CT Page 3798
"For a contract (or note) to be valid, it must have been freely entered into . . . A contract therefore is not valid if one party is put in fear by the other party for the purpose of obtaining an advantage over him." Pogacnik v. Margueron,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0116631 (July 10, 1995, Karazin, J.). InMcCarthy v. Taniska, 84 Conn. 377, 381, 80 A.2d 84 (1911), the Connecticut Supreme Court explained that "[t]he test in determining whether there was duress, is not so much the means by which the party was compelled to execute the means employed, the fear which made it impossible to exercise his own free will." Therefore, "[t]he fraud of a husband inducing his wife to execute a mortgage will not invalidate it as against the mortgagee unless the mortgagee in some way participated in or knew of the fraud." Lesser v. Strubbe,67 N.J. Super. 537, 545, 171 A.2d 114, cert. granted, 36 N.J. 140,174 A.2d 925 (1961), aff'd, 39 N.J. 90, 187 A.2d 705
(1963).
Skoronski did not contend that Citicorp, the other party to the Note and the Deed, exerted duress, forcing Skoronski to sign these contracts. Rather, Skoronski's second defense was that she executed the Note and the Deed as a result of the duress exerted by her ex-husband, Thomas Skoronski, not a party to the contracts. This defense does not bar Citicorp's foreclosure action.
Skoronski does not dispute her obligation to pay Citicorp the principal amount of $169,000 plus interest as specified in the Note. Skoronski also does not dispute the mortgage on her property, securing her promise to repay the $169,000. Rather, Skoronski asserts two special defenses to Citicorp's foreclosure action: (1) Citicorp's failure to explain the terms and conditions of the Note and the Deed; and (2) duress exerted by Thomas Skoronski, Noreen Skoronski's ex-husband. Neither of these special defenses bars Citicorp's foreclosure action.
Accordingly, Citicorp's motion for summary judgment is granted.
SO ORDERED:
Arthur L., Spada, Judge CT Page 3799