737 A.2d 682

CHASE MANHATTAN MORTGAGE CORPORATION, PLAINTIFF–RESPONDENT, v. HERITAGE SQUARE ASSOCIATION, DEFENDANT–APPELLANT, AND THOMAS SPINA, ET UX; STATE OF NEW JERSEY; NOEL OLSON AND ROBERT OLSON; AND B.T. CREDIT CO.—VISA, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued May 6, 1999—Decided June 7, 1999.

Before Judges KLEINER and STEINBERG.

*Barry W. Rosenberg* argued the cause for appellant.

*Rosemarie Diamond* argued the cause for respondent (*Federman and Phelan,* attorneys; *Ms. Diamond,* on the brief).

The opinion of the court was delivered by

**KLEINER, J.A.D.**

In this contested foreclosure action the Chancery Division was required to determine the priority of liens affecting mortgaged property. The only dispute was whether *N.J.S.A.* 46:8B–21 creates a lien having priority over a first mortgage lien recorded prior to April 1, 1996. The motion judge concluded that *N.J.S.A.* 46:8B–21 was designed to give a condominium association a lien for any unpaid assessment made by a condominium association for a share of common expenses or for "any other moneys duly owed the association," *N.J.S.A.* 46:8B–21(a), but only granted a limited priority over mortgages recorded after April 1, 1996, and did not grant priority over mortgages already recorded as of April 1, 1996. In reaching this conclusion, the judge properly considered the "Historical and Statutory Notes" of *L.* 1995, *c.* 354, § 6, approved January 5, 1996, which provided: "This act shall take effect on the first day of the third month next following enactment [effective April 1, 1996], and shall not apply to or affect liens perfected prior to the effective date."

We agree and affirm substantially for the reasons expressed by Judge Theodore Z. Davis in his written opinion. The condominium association lien recorded by defendant Heritage Square Association on February 18, 1997, does not have priority over the first mortgage lien held by plaintiff Chase Manhattan Mortgage Corporation recorded May 4, 1992.