NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0928-15T3

WELLS FARGO BANK, N.A.,

 Plaintiff-Respondent,

v.

ROBERT NEMETH, JR., HIS HEIRS,
DEVISEES, AND PERSONAL
REPRESENTATIVES AND HIS/HER,
THEIR OR ANY OF THEIR SUCCESSORS
IN RIGHT, TITLE AND INTEREST, MRS.
NEMETH, HER DEVISEES, AND
PERSONAL REPRESENTATIVES AND
HIS/HER, THEIR OR ANY OF
THEIR SUCCESSOR IN RIGHT,
TITLE AND INTEREST,

 Defendants-Appellants,

and

SHERRY NEMETH, and MICHAEL
E. PANAGOS, ESQ.,

 Defendants.
———————————————————————————————————————

 Argued May 18, 2017 – Decided July 10, 2017

 Before Judges Hoffman and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Middlesex County, Docket
 No. F-013882-12.
 Robert L. Nemeth, Jr., appellant, argued the
 cause pro se.

 Siobhan A. Nolan argued the cause for
 respondent (Reed Smith, LLP, attorneys; Henry
 F. Reichner, of counsel and on the brief; Mr.
 Nolan, on the brief).

PER CURIAM

 Defendants Robert Nemeth, Jr., and Debra Nemeth appeal from

Chancery Division orders granting summary judgment to plaintiff

Wells Fargo Bank, N.A., on its foreclosure complaint. Defendants

do not dispute that Robert accepted a $247,500 loan, secured it

with a mortgage on property in Monroe Township, and then lived

there without making any loan payments for over seven years.

Defendants assert numerous claims of trial court error, all lacking

substantive merit. We therefore affirm the trial court.

 I.

 On October 29, 2003, Robert executed a $247,500 note, agreeing

to repay a loan from World Savings Bank, FSB. Robert also executed

a mortgage on his property in Monroe Township to secure the note.

The Middlesex County Clerk recorded the mortgage on March 9, 2004.

Robert stopped paying the note on October 15, 2009.

 Effective December 31, 2007, World Savings Bank, FSB, changed

its name to Wachovia Mortgage, FSB. On November 1, 2009, Wachovia

Mortgage, FSB, was acquired by and merged into plaintiff; as a

 2 A-0928-15T3
result, plaintiff has owned and possessed the note and mortgage

since that date.

 On December 29, 2010, plaintiff sent Robert a letter stating

he had defaulted on the note because he had not paid it since

October 15, 2009; the letter further advised if he did not cure

his default by February 2, 2011, plaintiff would begin foreclosure

proceedings on the Monroe Township property. Plaintiff filed its

foreclosure complaint on July 20, 2012. The trial court granted

plaintiff summary judgment on January 29, 2013.

 On February 10, 2015, plaintiff filed a notice of application

for entry of final judgment and included a certificate of amount

due, stating Robert owed $371,284.90. The trial court entered a

final judgment for that amount on May 13, 2015. Defendants

thereafter attempted to vacate the final judgment, but the court

denied the application on October 9, 2015. This appeal followed.

 II.

 A trial court must grant a summary judgment motion when "the

pleadings, depositions, answers to interrogatories and admissions

on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact challenged and that the

moving party is entitled to a judgment or order as a matter of

law." R. 4:46-2(c). "An issue of fact is genuine only if,

considering the burden of persuasion at trial, the evidence

 3 A-0928-15T3
submitted by the parties on the motion, together with all

legitimate inferences therefrom favoring the non-moving party,

would require submission of the issue to the trier of fact." Ibid.

We apply the same standard but do not defer to the trial court's

conclusion granting or denying summary judgment. Townsend v.

Pierre, 221 N.J. 36, 59 (2015).

 N.J.S.A. 2A:50-56 requires a mortgagee to mail a thirty-day

notice to a residential mortgage debtor prior to accelerating the

maturity of any residential mortgage obligation and commencing any

foreclosure or related proceedings. A mortgagee has standing to

foreclose a mortgage when it has "either possession of the note

or an assignment of the mortgage." Deutsche Bank Trust Co. Ams.

v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). The

mortgagee's "right to foreclose is an equitable right inherent in

the mortgage." Chase Manhattan Mortg. Corp. v. Spina, 325 N.J.

Super. 42, 50 (Ch. Div. 1998), aff'd, 325 N.J. Super. 1 (App. Div.

1999). The mortgagee has the right to insist upon strict

observance of the obligations contractually owed to it, including

timely payment. See Kaminski v. London Pub, Inc., 123 N.J. Super.

112, 116 (App. Div. 1973). When a mortgagee provides proof of

execution, recording, and non-payment of the note and mortgage,

it has established a prima facie right to foreclose. Thorpe v.

Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

 4 A-0928-15T3
 A mortgagor opposing summary judgment has a duty to present

facts controverting the mortgagee's prima facie case. Spiotta v.

William H. Wilson, Inc., 72 N.J. Super. 572, 581 (App. Div.),

certif. denied, 37 N.J. 229 (1962). Unexplained conclusions and

"[b]ald assertions are not capable of . . . defeating summary

judgment." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super.

90, 97-98 (App. Div. 2014).

 On appeal, defendants argue: (1) they were denied "equal

access to the court;" (2) the trial court "ignored" N.J.S.A. 2A:50-

56; (3) the trial court should have held a hearing before granting

plaintiff summary judgment; (4) plaintiff "failed to meet [the]

prima facie case standard;" (5) the record contains disputed facts

and credibility issues; (6) the trial court erroneously

disregarded "jurisdictional issues;" (7) the trial court should

have allowed for discovery; (8) the trial court should not have

granted plaintiff summary judgment; (9) plaintiff's certifications

were hearsay; (10) the trial court did not construe the facts "in

a light most favorable to the party opposing the motion;" (11)

they rescinded the mortgage; (12) the trial court lacked subject

matter jurisdiction; (13) the trial court improperly threatened

them "with contempt of court and arrest for no reason;" (14) "the

trial court violated[d] [their] due process by granting an ex-

parte motion for final judgment;" (15) "plaintiff fail[ed] to

 5 A-0928-15T3
establish ownership of the loan;" (16) plaintiff failed to send

them a notice of intention to foreclose; and (17) "[w]hen [they]

rescinded the loan documents [plaintiff] became unlawful holder

of the [n]ote as it failed to return it."

 We have considered defendants' contentions in light of the

record and applicable law. We conclude they are without sufficient

merit to warrant discussion in a written opinion. R. 2:11-

3(e)(1)(E). We add the following brief comments.

 Robert admits he executed the note and mortgage. The record

shows plaintiff's predecessor recorded the mortgage. Defendants

admit they have not paid the note since October 15, 2009. The

record shows plaintiff sent defendants a notice of its intention

to foreclose, and it possessed both the note and the mortgage.

Plaintiff clearly had standing to foreclose on Robert's Monroe

Township property and unquestionably established a prima facie

right to foreclose on it. See Thorpe, 20 N.J. Super. at 37.

Defendants have not satisfied their burden to present evidence

controverting plaintiff's prima facie case. See Spiotta, supra,

72 N.J. Super. at 581. While defendants' brief lists seventeen

different bases for seeking reversal of plaintiff's final

judgment, defendants' various claims and arguments find no support

in the record.

 Affirmed.

 6 A-0928-15T3