**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3804-17T2

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR SOUNDVIEW HOME LOAN
TRUST 2006-WF2, ASSET BACKED
CERTIFICATES, SERIES 2006-WF2,

      Plaintiff-Respondent,

v.

JOHN K. PRESNER, a/k/a
JOHN PRESNER and KATHLEEN
S. PRESNER, a/k/a KATHLEEN
PRESNER, husband and wife,

      Defendants-Appellants.

_____

Submitted September 10, 2019 – Decided September 24, 2019

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-023147-16.

Hladik Onorato & Federman, LLP, attorneys for appellants (Melissa Yvette Hoffman-Spears, on the briefs).

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief; David G. Murphy, on the brief).

PER CURIAM

Defendants appeal from an order entered by the Law Division on February 2, 2018, granting plaintiff's motion for summary judgment and the judgment of foreclosure entered on April 20, 2018. We affirm.

## I.

On July 25, 2006, defendants secured a mortgage on their home located at 1305 Duncan Place, Brigantine, for $425,000 from Wells Fargo, the servicer for the loan. The non-purchase money mortgage and note were executed on the same date. On February 1, 2010, defendants executed a loan modification agreement with Wells Fargo which modified the unpaid principal balance to the sum of $435,165.30 with a five-percent yearly interest rate payable by August 1, 2036. The loan modification agreement was not recorded. Defendants defaulted on the January 1, 2011 payment. Since the note and mortgage contained an acceleration clause, the entire principal sum became immediately due, plus interest, penalties, and other sums. By assignment of mortgage dated January 3, 2011, the mortgage was assigned to plaintiff Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust.

Following negotiations, defendants entered into a Special Forbearance Agreement (Agreement) with plaintiff dated April 1, 2011, which an accompanying letter explained was "not a waiver of the accrued or future payments that become due, but a period for [defendants] to determine how [they] will be able to resolve [their] financial hardship." The letter further stated Wells Fargo was "requesting that [defendants] maintain contact with our office in order to establish acceptable arrangements for bringing [the] loan current."

The Agreement obligated defendants to remit specified payments on the first day of May, June, July, and August 2011. The Agreement stated:

> 2. . . . This plan is an agreement to temporarily accept reduced payments or maintain regular monthly, payments during the plan specified below. Upon completion of this plan, the loan must be brought current or an arrangement to satisfy the arrearage must be executed.
>
> 3. The lender is under no obligation to enter into any further agreement, and this forbearance shall not constitute a waiver of the lender's right to insist upon strict performance in the future.
>
> 4. All of the provisions of the note and security instrument, except as herein provided, shall remain in full force and effect. . . . The lender, at its option, may institute foreclosure proceedings according to the terms of the note and security instrument without regard to this [A]greement.

A-3804-17T2

Defendants sought a permanent loan modification and thereafter Wells Fargo contacted them on May 24, 2011 to submit certain documents, which were never provided. Defendants tendered the four payments, plus one additional payment in October 2011, but no payments were ever made thereafter. On October 24, 2011, defendants contacted Wells Fargo about making a future payment but they never provided the requested documents, resulting in termination of their modification review process, as confirmed in an October 26, 2011 letter from the lender.

Plaintiff filed its first foreclosure complaint on October 3, 2013. Issue was joined, and the matter was summarily decided by motion in favor of plaintiff on October 10, 2014. Because plaintiff failed to move for a final judgment, its first foreclosure complaint was dismissed without prejudice.

Between 2013 and 2016, defendants submitted several loan modification applications to plaintiff, each resulting in a denial because, in plaintiff's view, defendants lacked sufficient income to make the payments to satisfy the original loan. Thereafter, a Notice of Intention to Foreclose was served on defendants on May 6, 2016. Plaintiff moved for summary judgment but the motion was denied on September 15, 2017 because the trial judge found that issues of material fact existed. The second motion for summary judgment filed by

plaintiff, which is the subject of this appeal, was filed on October 13, 2017. Defendant opposed the motion raising the issue of bad faith as a defense to the foreclosure action for the first time during oral argument, claiming Wells Fargo acted in bad faith by failing to extend a subsequent loan modification to defendants. The judge ordered supplemental briefing on the bad faith claim and rescheduled oral argument for February 2, 2018. Defendants do not challenge plaintiff's standing to foreclose or the amount due.

The judge found plaintiff could enforce the mortgage "according to its terms, free and clear of any personal defenses of [defendants]." He also determined: "While [] [d]efendants remained current on their obligations under the [] Agreement, [] [p]laintiff had the ability to unilaterally terminate the [A]greement and did so in this case. [Executing] a contractual right does not amount to bad faith." Based on this finding, the judge struck defendants' answer as non-contesting, granted plaintiff's motion for summary judgment, and entered default against defendants.

On appeal, defendants present a two-fold argument that (1) the judge erred in granting summary judgment because material issues of fact exist; and (2) the judge erred by not finding Wells Fargo acted in bad faith. As to the latter, the specific claim is Wells Fargo failed to treat defendants fairly by not

communicating with them in respect of processing another loan modification, and Wells Fargo acted arbitrarily, unreasonably, and capriciously. We find no merit in either argument.

II.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). The court should not hesitate to grant summary judgment when the evidence on a factual issue "is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 252 (1986)).

6

Defendants contend that they presented sufficient evidence to raise a genuine issue of material fact as to whether their request for a further loan modification was denied for improper reasons after defendants performed their obligations under the Agreement, and even made an additional payment thereafter. Defendants assert they attempted to contact their account executive on numerous occasions without success, and their payment history was steady until a substantial loss of income and a family illness struck. We are unpersuaded by these arguments.

Here, there was no genuine issue as to the fact defendants defaulted on the note and loan modification agreement owing on the prescribed dates, and the fact that defendants had not cured the default. Defendants did not produce any documentation to show that plaintiff, Wells Fargo, or any of their employees had expressly agreed there would be a further loan modification extended to defendants. Statements about potentially modifying the loan do not constitute an agreement to modify or extend the loan. The judge concluded plaintiff had established all of the elements of its cause of action for recovery on the note and loan modification agreement. The judge also concluded that defendants had not presented sufficient evidence to support the bad faith defense they had asserted. We are convinced the record fully supports the judge's conclusion and his

A-3804-17T2

determination that plaintiff was entitled to judgment as a matter of law on its claim.

As stated by the judge, defendants submitted "a lone unpublished case to establish their claim to bad faith as a defense to foreclosure." We note that Rule 1:36-3 provides: "No unpublished opinion shall constitute precedent or be binding upon any court." Our Supreme Court has confirmed unreported decisions "serve no precedential value, and cannot reliably be considered part of our common law." Trinity Cemetery v. Wall Twp., 170 N.J. 39, 48 (2001) (Verniero, J. concurring). The judge correctly found that defendants were not entitled to a loan modification, and they were under a continuing obligation to pay the mortgage.

The right to foreclose is an equitable right inherent in a mortgage triggered by a borrower's failure to comply with the terms and conditions of the associated loan. Chase Manhattan Mortg. Corp. v. Spina, 325 N.J. Super. 42, 50 (Ch. Div. 1998), aff'd, 325 N.J. Super. 1, 2 (App. Div. 1999). "Both state law and common law have established that a mortgagee maintains the absolute right to foreclose and accelerate against a defaulting mortgagor, so long as the alleged default is not attributable to the mortgagee's conduct." Ibid. The mortgagee has the right to insist upon strict observance of the obligations that are contractually owed to

it, including timely payment.  Kaminski v. London Pub. Inc., 123 N.J. Super. 112, 116 (App. Div. 1973).

To obtain relief in a mortgage foreclosure action, the mortgagee must establish that: (1) the mortgage and loan documents are valid; (2) the mortgage loan is in default; and (3) it has a contractual right to foreclose upon the mortgaged premises in light of the default.  Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994); Cent. Penn Nat'l Bank v.  Stonebridge Ltd., 185 N.J. Super. 289, 302 (Ch. Div. 1982).  A mortgagee who was not the original lender, but was assigned the mortgage, must also prove that it is a holder in due course.

We are satisfied that plaintiff has met all of these requirements.  Nothing in the record supports a valid defense to plaintiff's foreclosure action and no bad faith has been demonstrated by defendants.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3804-17T2