**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1482-23

WELLS FARGO BANK,
NATIONAL ASSOCIATION AS
TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST
2007-2, ASSET-BACKED
CERTIFICATES, SERIES 2007-2,

     Plaintiff-Respondent,

v.

CHRISTOPHER GIORDANO,

     Defendant-Appellant,

and

MRS. GIORDANO, unknown
spouse of Christopher Giordano,
ANN F. BRADBURY,
MARLENA GIORDANO,
BENEFICIAL NEW JERSEY, INC.
d/b/a BENEFICIAL MORTGAGE CO,
FORD MOTORS CREDIT COMPANY
LLC f/k/a FORD MORTGAGE
CREDIT COMPANY
and MIDLAND FUNDING LLC,

     Defendants.

_____

Submitted March 25, 2025 – Decided June 25, 2025

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-002374-22.

Alsaidi & Chang, LLC, attorneys for appellant (Joseph A. Chang, of counsel and on the brief; Jeffrey Zajac, on the briefs).

Stradley, Ronon, Stevens & Young, LLP, attorneys for respondent (James DiMaggio, on the brief).

PER CURIAM

Defendant Christopher Giordano appeals the Chancery Division's summary judgment and final judgment orders granting foreclosure in favor of plaintiff Wells Fargo Bank, N.A.[1] Defendant argues the court erred in granting summary judgment because plaintiff acted with unclean hands and violated the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -227, by failing to honor a loan modification agreement. We disagree and affirm substantially for the reasons set forth in the trial court's cogent statement of reasons.

---

[1] Defendant's notice of appeal states the final judgment is being appealed but he also includes the summary judgment order. His merits brief arguments relate solely to challenging the summary judgment order.

I

On December 14, 2006, defendant executed a note and mortgage in the principal amount of $1,249,920 to Option One Mortgage Corporation, which was secured by a residential mortgage for property in Kinnelon. The mortgage was subsequently assigned to plaintiff on November 4, 2008, after plaintiff had entered into several loan modification agreements.

On February 26, 2015, plaintiff filed a foreclosure complaint against defendant alleging he had been in default since January 1, 2009. The matter was settled on November 16, 2021 when the parties reached a loan modification agreement. According to plaintiff, its execution of the loan modification agreement was delayed for over a year because the law department had a "litigation flag" that was eventually resolved, permitting release of the modification to plaintiff's loan servicing department.

On March 17, 2022, plaintiff filed a new foreclosure complaint after defendant failed to make payments under the loan modification agreement. Defendant's last payment under the agreement was made on June 1, 2020.

After defendant filed an answer with affirmative defenses and six counterclaims, plaintiff successfully moved to dismiss four of the counterclaims, including the CFA claim, which was dismissed for failing to plead fraud with

3

specificity as required by Rule 4:5-8(a).  Defendant filed an amended answer with affirmative defenses, including unclean hands, and amended counterclaims but no CFA claim.

In April 2023, plaintiff moved for summary judgment and to strike defendant's answer, affirmative defenses, and counterclaims.  The court granted the motion on June 9, explaining its ruling in a statement of reasons.

The court determined plaintiff made a prima facie case for foreclosure by proving the note and mortgage were valid, a default occurred, and it had the right to foreclose.  There was no dispute regarding the amount due, or the assignment to plaintiff.  The court found defendant's affirmative defenses were "unsupported by any factual allegations" and did not overcome plaintiff's foreclosure claims.  The court rejected defendant's contention that plaintiff had "unclean hands" in delaying finalization of the loan modification agreement, enforcing the loan modification agreement, and seeking foreclosure.  The court also found defendant failed to plead that plaintiff's conduct was unlawful under the CFA.  The court determined plaintiff's explanation that the delay in executing the loan modification agreement—due to the pending settlement of defendant's initial foreclosure—was not a reason to deny foreclosure.  The court noted it was incredible for defendant "to claim that he signed a loan modification

A-1482-23

[agreement] requiring payment but that he did not have to make any of the required payments on the due dates because there was a delay by [plaintiff] in executing the agreement negotiated by the [p]arties and signed by . . . [d]efendant." Thus, the court reasoned there was no "undue delay, and . . . the doctrine of laches" did not bar foreclosure.

On December 15, final judgment of foreclosure was entered due to the note debt of $1,610,797.08, plus interest, costs, and counsel fees. The court held that "absent a certification disputing the amount due, a general argument that the calculation is incorrect, alone, is insufficient to defeat [p]laintiff's application." This appeal followed.

II

A trial court must grant a summary judgment motion if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.;

see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  On review, we apply the same standard that governs the trial court.  Townsend v. Pierre, 221 N.J. 36, 59 (2015).

A mortgagee's "right to foreclose is an equitable right inherent in the mortgage." Chase Manhattan Mortg. Corp. v. Spina, 325 N.J. Super. 42, 50 (Ch. Div. 1998), aff'd, 325 N.J. Super. 1 (App. Div. 1999).  "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises."  Invs. Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018) (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd o.b., 273 N.J. Super. 542 (App. Div. 1994)).  If a defendant's answer fails to challenge the essential elements of the foreclosure action, a plaintiff is entitled to strike the defendant's answer and to final judgment of foreclosure. Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995).

III

Defendant challenges the foreclosure on the basis that plaintiff's right to foreclose should be denied due to its unfair treatment of him when he sought to resolve his indebtedness.  He contends the court erred in not dismissing plaintiff's foreclosure complaint based on the equitable doctrine of unclean

hands because plaintiff failed to act in good faith by not properly processing and honoring a loan modification agreement, causing undue delay and prejudice after he complied fully with all requirements. He also asserts plaintiff's refusal to timely finalize the loan modification agreement constitutes a violation of the CFA as an unconscionable, deceptive, or unfair commercial practice.

Plaintiff points out defendant's arguments were not raised before the trial court and, therefore, should not be considered on appeal as they do not address "the [court's] jurisdiction . . . or concern matters of great public interest." See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). While defendant's amended pleadings did not include a CFA claim, the court's statement of reasons addressed this issue as well as the fairness of enforcing the delayed executed loan modification agreement. Since the court did so, we see no reason not to consider these same issues defendant raises on appeal.

The court properly applied the law and found no meritorious basis for defendant's opposition to summary judgment. As of the June 9, 2023 summary judgment order, defendant had not made a mortgage payment for three years. Defendant has made no showing that plaintiff acted in a deceptive or fraudulent

manner which caused him not to make his mortgage payments. The court's order shall stand.

To the extent we have not addressed any of defendant's arguments, we conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division