**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3013-23

991, LLC,

    Plaintiff-Respondent,

v.

SSOMM, LLC, and
MAHMOUD ABDELWAHAB,

    Defendants-Appellants.

_____

         Submitted July 8, 2025 – Decided July 17, 2025

         Before Judges Natali and Jablonski.

         On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-000842-22.

         George J. Cotz, attorney for appellants.

         King Moench & Collins, LLP, attorneys for respondent (Matthew C. Moench, of counsel and on the brief; Nicholas D. Hession, on the brief).

PER CURIAM

Defendants appeal a June 9, 2023 order granting a final judgment of foreclosure to plaintiff, along with several interlocutory orders. Defendants argue the court erred when it granted summary judgment and dismissed its counterclaim. We agree the trial judge properly granted summary judgment to plaintiff on its foreclosure complaint, but we part ways with the judge that defendants' counterclaim should be dismissed. Therefore, we reverse that portion of the June 2023 order dismissing the counterclaim and remand for further proceedings

I.

In 2020, plaintiff 991, LLC (991) loaned $215,000 to defendant SSOMM, LLC (SSOMM) to purchase a building as an investment property in Long Branch. As security for the seller-provided loan, SSOMM executed mortgages in favor of 991 on two properties SSOMM owned in Newark. Defendant Mahmoud Abdelwahab executed a personal guaranty to secure repayment of the debt.

Defendants defaulted on the loan in October 2021 when they failed to make payments as required by the mortgage terms. Plaintiff initiated foreclosure proceedings in February 2022. Defendants did not respond to the complaint and the court entered default against them.

2

Thereafter, defendants filed an answer asserting various affirmative defenses, a counterclaim against plaintiff, and a third-party complaint against Chuck Lardizabal, the principal of 991. Defendants allege that Lardizabal misrepresented the condition of the property by specifically asserting that its only defect was observable flood damage. After Abdelwahab purchased and then leased the property to others, the sewer line backed up and damaged the property. Defendants claim Lardizabal admitted to previously disconnecting the sewer line to elevate the structure but failed to disclose this during negotiations of either the contract or the mortgage.

Defendants' answer, counterclaim, and third-party complaint were rejected on procedural grounds. Specifically, once default was entered, defendants were required under Rule 4:43-3 to accompany their answer with a motion to vacate that default. Defendants did not timely seek that relief.

Plaintiff moved for summary judgment on May 23, 2022. In response, defendants moved to vacate the default. The court granted defendants' motion and adjourned the pending summary judgment motion to June 24, 2022. On that return date, the judge granted the summary judgment application, but then vacated it at defendants' request because of a lack of service of the motion. The trial court relisted the summary judgment motion for August 26, 2022.

3

On October 13, 2022, plaintiffs wrote to the trial judge to inform him defendants had not opposed the summary judgment application and asked that summary judgment be granted. In it, plaintiffs acknowledged defendants' asserted claims and wrote "[a]ny affirmative claims by [d]efendants against [p]laintiff should be brought in a separate action, not a summary foreclosure matter, consistent with [Rule] 4:64-5." In response, on November 6, 2022, defendants wrote that because their counterclaim and third-party complaint "raise[d] issues as to the validity of the underlying mortgage, due to the fraud of [p]laintiff and its principal in that transaction, it cannot be said that the amount due is undisputed." The record does not reflect any judicial action was taken on the motion.

On May 26, 2023, by consent, default was vacated and defendants' answer was accepted as timely. On June 9, 2023, the trial judge granted summary judgment to plaintiff, concluding it established the elements required to foreclose and had standing to do so. Further, the trial court found that defendants' counterclaim and third-party complaint did not plead fraud with the specificity required by Rule 4:5-8. In doing so, the trial judge observed defendants did not file a formal brief, certification, nor proofs of their fraud claim, but rather "allege[d] a general timeline—without dates—of interactions

between themselves, [p]laintiff's principal, and workers who serviced the sewer line on the premises, as well as incurred costs to repair water damage."

In October 2023, plaintiff moved for final judgment. In opposition, Abdelwahab asserted the amount due was disputed due to plaintiff's purported fraud. In December 2023, defendants moved to dismiss the complaint based on plaintiff's alleged failure to answer interrogatories. That application was denied in January 2024 by a second trial judge.

On May 14, 2024, that same judge granted plaintiff's motion for final judgment and transferred the matter to the Office of Foreclosure. The next day final judgment was entered. A writ of execution followed.

On May 22, 2025, plaintiff's counsel wrote to the Essex County Sheriff's Office and explained defendants paid the judgment in full. This appeal follows.

## II.

We first turn to plaintiff's application for summary judgment and conclude the trial judge properly granted this relief because there was no genuine issue of material fact presented by defendants as to their collective liability under the mortgage.

A-3013-23

Rule 4:46-2(c) directs summary judgment shall be granted" if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  On appeal, we employ that same standard and review the trial court's decision de novo.  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).  No special deference is afforded to the trial court's interpretation of law and legal consequences that flow from established facts.  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

To determine whether there is a genuine issue of material fact, a court must "draw[] all legitimate inferences from the facts in favor of the non-moving party."  Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).  It must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  "The court's function is not 'to weigh the evidence and determine the

truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm, Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540). An issue does not create a genuine dispute "[i]f there exists a single, unavoidable resolution of the alleged disputed issue of fact." Brill, 142 N.J. at 540 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). "[D]isputes on minor points do not" preclude summary judgment. Gilbert v. Stewart, 247 N.J. 421, 442 (2021) (citing J.H. v. R&M Tagliareni, LLC, 239 N.J. 198, 210 (2019)).

To counter an application for summary judgment properly Rule 4:46-2(b) requires:

> A party opposing the [summary judgment] motion shall file a responding statement either admitting or disputing each of the facts in the movant's statement. Subject to [Rule] 4:46-5(a), all material facts in the movant's statement which are sufficiently supported will be deemed admitted for the purposes of the motion only, unless specifically disputed by citation confirming to the requirements of paragraph (a) demonstrating the existence of a genuine issue as to the fact. An opposing party may also include in the responding statement additional facts that the party contends are material and as to which there exists a genuine issue. Each such fact shall be stated in separately numbered paragraphs together with citations to the motion record.

If there is no genuine issue of fact, we must then decide whether the lower court's ruling on the law was correct. See Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007). It is the non-moving party who must proffer specific facts to demonstrate a genuine issue of material fact. Housel v. Theodoris, 314 N.J. Super. 597, 604 (App. Div. 1998).

Consequently, "[s]ummary judgment should be granted . . . 'after adequate time for discovery . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman, 242 N.J. at 472 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). However, "summary judgment is not premature merely because discovery has not been completed." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015). It is premature when the non-moving party can show "with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action." Ibid. (quoting Wellington v. Est. of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003)). Thus, when discovery is not completed, the court is required to review summary judgment "from the standpoint of whether there is any basis upon which plaintiff should

be entitled to proceed further." Bilotti v. Accurate Forming Corp., 39 N.J. 184, 193 (1963).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgage premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). Thus, a plaintiff need only present three elements to establish a prima facie right to foreclose: "the execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

Defendants contend their allegations of fraud raised genuine issues of fact with regard to the amount due on the mortgage, so summary judgment was improperly granted. In response, plaintiff argues that defendants' failure to submit briefs or certifications was a sufficient basis to grant summary judgment and particularly since the material issues in a foreclosure matter are limited.

Following our de novo review, we are satisfied plaintiff provided competent evidential proof to demonstrate its entitlement to a judgment in foreclosure. Through proper certifications, plaintiff established that the

mortgage was valid, the specific amount of indebtedness, and plaintiff's right to the mortgaged premises. Great Falls Bank, 263 N.J. Super. at 394. Additionally, defendants did not properly oppose the summary judgment application as they were required to do under Rule 4:46-2(b). Because defendants did not provide any certifications, briefs, nor other evidentiary materials in opposition to plaintiff's application, they failed to demonstrate any genuine issues of material fact. Rather, defendants' letter sent in response to plaintiff's follow-up correspondence to the court represented only "denials or allegations made in an answer" that cannot defeat a motion for summary judgment. Namerow v. PediatriCare Assocs., LLC, 461 N.J. Super. 133, 139-40 (Ch. Div. 2018); see Cortez v. Gindhart, 435 N.J. Super. 589, 606 (App. Div. 2014) (alteration in original) (quoting Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)) ("It is . . . 'well settled that "[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment."'"). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Cortez, 435 N.J. Super. at 605 (quoting Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009)).

10

Therefore, we affirm the trial court's decision to grant summary judgment to plaintiff.

III.

We next consider whether defendants' counterclaim alleging fraud in the inducement was germane to the mortgage foreclosure and, therefore, was properly joined in that litigation. We conclude it was not.

In their counterclaim, defendants argued Lardizabal fraudulently induced them to enter into the mortgage and the sale of the premises as a result of certain misrepresentations about the current state of the property and whether there were any defects. Defendants contend that the fraud alleged arose out of the mortgage transaction and, as a result, is germane to that cause of action.

The entire controversy doctrine appears in Rule 4:30A which specifically has an exception to foreclosure actions:

> "Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by [Rule] 4:64-5 (foreclosure actions) . . . ."

Likewise, Rule 4:64-5 provides:

> Unless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable

A-3013-23

on the debt. Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court. Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements[,] and guarantees.

Reading these two rules together, "the entire controversy doctrine does not apply to non-germane claims since they may not be joined in the foreclosure action." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:64-5 (2025).

To determine if a claim is germane, "a liberal rather than a narrow approach" should be used. Leisure Tech.-Ne., Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 358 (App. Div. 1975). We review a judge's decision related to germane claims de novo since it is a legal question. See Joan Ryno, Inc. v. First Nat'l Bank, 208 N.J. Super. 562, 570 (App. Div. 1986).

Since the Rules specifically disallow the joinder of non-germane claims, counterclaims, and crossclaims in foreclosure suits, any claims should be dismissed without prejudice unless the court grants permission to a party to raise a non-germane claim. See R. 4:64-5. The Rules lack a specific definition of germane claims and guidance on the application of Rule 4:64-5 to counterclaims and to third-party claims. However, our decisions addressing the issue generally agree that such claims will be considered germane only if

they either challenge the plaintiff's right to foreclose or would reduce the amount of outstanding debt. See Fam. First Fed. Sav. Bank v. Devincentis, 284 N.J. Super. 503, 512 (App. Div. 1995). This conclusion comports with the general rule that "[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank, 263 N.J. Super. at 393.

In light of these principles, we conclude that defendants' counterclaim for fraud is a non-germane claim under Rule 4:64-5, as it concerns damages arising from plaintiff's alleged misrepresentation, rather than the limited issues addressed in a foreclosure action. In a foreclosure action, a mortgagee's "right to foreclose is an equitable right inherent in the mortgage." Chase Manhattan Mortg. Corp. v. Spina, 325 N.J. Super. 42, 50 (Ch. Div. 1998), aff'd, 325 N.J. Super. 1 (App. Div. 1999). Since the relief sounds in equity, if a defendant's answer fails to challenge the essential elements of the foreclosure action, the claim would be appropriately removed from the foreclosure litigation. See Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995).

Although defendants contend a judgment on their counterclaim might reduce the mortgage debt, such a possibility does not drive the outcome as to

whether the claim is properly justiciable within a foreclosure proceeding. The relief sought in the counterclaim is distinct and independent from the central question of the defendants' liability under the terms of the mortgage and promissory note. Therefore, the fraud claim is more appropriately addressed in the Law Division, separate and apart from the foreclosure action.

IV.

Given that we have concluded the fraud counterclaim is non-germane to the foreclosure and appropriately resolved as a separate claim from the foreclosure, we next consider whether the trial judge properly dismissed the claim as part of the summary judgment application. In its written decision, the trial court opined that "defendant's fraud claim fails [to meet] the specificity requirement [set forth in Rule] 4:5-8." We disagree.

The elements of a common law fraud claim are: (1) a representation or omission of a material fact; (2) made with knowledge of its falsity; (3) made with the intention that the representation or omission be relied upon; (4) reasonable reliance on the representation or omission; and (5) damages. DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 336 (App. Div. 2013). When fraud is alleged under the common law, the heightened pleading requirement under Rule 4:5-8(a) mandates that "[i]n all

14

allegations of misrepresentation, fraud, mistake, breach of trust, willful default or undue influence, particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." See Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 112 (App. Div. 2009). The Rule is intended to assure that a pleading includes enough facts "to enable the person charged to deny or disprove or explain these facts." Evangelista v. Pub. Serv. Coordinated Transp., 7 N.J. Super. 164, 168-69 (App. Div. 1950).

Review of the counterclaim persuades us that the strictures required by this heightened pleading standard have been met. Although specific dates are not included in those allegations, the temporal aspects are framed in terms that sufficiently permit a determination of the actions taken during the relevant time period. The counterclaim is specific as to the names of the individuals involved in the alleged fraud and the specific actions taken to justify that cause of action. Notably, defendants allege that at some point before the contract was finalized in July 2020, but during contract negotiations, Lardizabal represented that other than visible flood damage, there was "nothing significant wrong" with the Long Branch property.

Acknowledging defendants did not specifically plead that plaintiff and Lardizabal intended defendants rely on the false statement that there was "nothing significant wrong" with the property, Lardizabal's knowledge of the falsity of that statement can be gleaned from the allegation that he later admitted to disconnecting the sewer line himself. See Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 396 (App. Div. 1989) (holding that fraudulent intent "may be derived from . . . the recklessness or implausibility of the statement in light of later events"). Finally, Abdelwahab alleged he reasonably relied on the representation in making his decision to purchase the Long Branch property; and consequently, suffered damages in excess of $150,000 resulting from the fraud.

Sufficient information appears in the counterclaim to permit plaintiff to defend against these allegations. We conclude, therefore, that defendants' counterclaim was improperly dismissed as part of plaintiff's summary judgment application.

V.

Given we have concluded defendant's counterclaim is viable, we remand this matter to the Chancery Division to enter an order restoring defendants' counterclaim and transferring it to the Law Division for disposition.

To the extent we have not addressed any of the parties' remaining arguments, we consider them without sufficient merit to warrant discussion in this opinion. See R. 2:11-3(e)(1)(E).

Affirmed in part and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3013-23